## Daniel B. Dechert, Admr., etc.
### v.
## Indiana, Bloomington & Western Ry. Co.

Court directing jury to find for defendant.—Where the evidence given at the trial, with all the inferences that the jury could justifiably draw from it, is so insufficient to support a verdict for the plaintiff that such a verdict, if returned, must be set aside, the court is not bound to submit the case to the jury, but may direct a verdict for the defendant. The court is of opinion that there was no error in the court below, orally directing the jury to find for the defendant.

Error to the Circuit Court of Edgar county; the Hon. C. B. Smith, Judge, presiding. Opinion filed October 5, 1885.

Messrs. McKinlay & Anthony, for plaintiff in error.

Mr. James A. Eads, for defendant in error.

Conger, J. This was an action brought by plaintiff in error as administrator of James Clancy, deceased, to recover damages for his death. The declaration alleged that on January 30, 1883, deceased went on board defendant's train at Hume, Ill., as a passenger ; that defendant, by its servants, wrongfully and negligently ejected the said Clancy from its train; the deceased was at the time in a helpless condition from intoxication, and in consequence thereof he was killed.

While there is some conflict in the evidence, we think it shows substantially that deceased was lying drunk on the railroad platform at Hume. When the train stopped there, two persons not connected with the railway company put him on the train.

Whether he was able to inform the conductor where he wanted to go, or to offer to pay his fare to the conductor, does not clearly appear. As the engine whistled for Metcalf, the first station east from Hume, the conductor said to Clancy, " You get off here," and passed on into another car. When

the train stopped at Metcalf the brakeman attempted to put
him off the train, and he seemed to be unwilling to go and
said to the brakeman, "I will pay my fare," and in the strug-
gle that ensued fell to the floor. The conductor at this time
came in, and he and the brakeman led him out of the car,
along the platform, and left him standing by and leaning
against some trunks, about two feet from the edge of the plat-
form, and turned away. Clancy in a moment after seemed to
lose his balance, and fell forward, first against the car and
then down between the car and platform, receiving injuries
from which he died. At the time of his fall the train was
standing still. Upon the motion of the defendant the court
withdrew the evidence from the jury and orally instructed
them to find a verdict for the defendant. This action of the
court is assigned for error. The rule in such cases, according
to the latest expression of the Supreme Court, is : " When the
evidence given at the trial, with all the inferences that the
jury could justifiably draw from it, is so insufficient to support
a verdict for the plaintiff that such a verdict, if returned,
must be set aside, the court is not bound to submit the case to
the jury, but may direct a verdict for the defendant." Sim-
mons v. C. & T. R. R. Co., 110 Ill. 349. Tested by this rule,
we think there was no error in the action of the trial court.

The ground of recovery relied upon by counsel for plaintiff
in error is, that " the conductor recklessly and negligently
placed deceased in a dangerous position, and as a result Clancy
lost his life, while by placing him a few feet further from the
edge of the platform no serious result could have happened."
We can not say from the evidence that it was the duty of the
conductor to suppose there was any danger in leaving Clancy
where he did. The trunks against which he was leaning were
certainly some protection against his falling, and it could not
reasonably have been foreseen that such an accident would fol-
low as a natural consequence of the conductor's actions. But
even conceding negligence on the part of the conductor it can
not be claimed that it was willful, and to justify a recovery
the party injured must have used ordinary care and precaution
for his own safety. This he did not do, but was himself

guilty of negligence in attempting to travel upon a railroad train while so drunk as to be unable to exert the necessary effort to avoid danger, or to stand upon his feet when placed upon the platform. The objection made to the court directing the jury *orally* to find for the defendant, is answered by the fact that as plaintiff had no good cause of action, he could not be injured by such oral direction.

Perceiving no substantial error in the record the judgment of the circuit court will be affirmed.

Affirmed.